UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACKY BOETTCHER and
DIANNA GREGORY,

        Plaintiffs,

    v.                                        Case No. 19-C-840

CAPITAL ONE N.A. and
GREAT LAKES RECOVERY INC.,

        Defendants.

## DECISION AND ORDER

Plaintiffs Jacky Boettcher and Dianna Gregory initiated this action against Defendants Capital One N.A. and Great Lakes Recovery Inc. alleging violations of the Fair Debt Collection Practices Act and the Wisconsin Consumer Act. Capital One N.A. filed its answer to the complaint on July 12, 2019. On July 23, 2019, Plaintiffs moved for default against Great Lakes for its failure to file an answer to the complaint within 21 days of service. The Clerk entered default on July 29, 2019. On August 1, 2019, Great Lakes filed a motion for leave to file an answer to the complaint and a motion to set aside the default. For the following reasons, Great Lakes' motions will be granted.

The court has discretion to determine whether to set aside an entry of default. *See* Fed. R. Civ. P. 55(c). A party may request that the court vacate an entry of default prior to the entry of final judgment by demonstrating "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). Although

the same test applies for motions seeking relief from default judgment under Rules 55(c) and 60(b), the test "is more liberally applied in the Rule 55(c) context." *Id.*

In this case, Great Lakes has satisfied the "liberally applied" Rule 55 standard for vacating default. Great Lakes contends that it inadvertently failed to enter an appearance and file a responsive pleading within the prescribed time period while Great Lakes and its insurer attempted to determine if the conduct alleged in the complaint was covered by Great Lakes' liability insurance policy. Although it is important to comply with the deadlines created by the rules or required by the court, simple inadvertence can suffice to establish good cause. *See id.* at 631 (finding that a party demonstrated good cause to set aside default because "it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence"); *JMB Mfg., Inc. v. Child Craft LLC*, 799 F.3d 780, 792 (7th Cir. 2015) ("[A]n entry of default may be set aside for 'good cause,' which does not necessarily require a good excuse for the defendant's lapse." (citations omitted)).

In addition, Plaintiffs have not been prejudiced by Great Lakes' delay in filing its answer. Great Lakes quickly moved to remedy its failure to respond by filing a motion for leave to file its answer just three days after the Clerk's entry of default. This delay had no impact on the judicial proceedings, and Great Lakes has stated the basis of its meritorious defense to Plaintiffs' claims. *See Foman v. Davis*, 371 U.S. 178, 181 (1962) (noting that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities"); *Sun*, 473 F.3d at 811 ("This Circuit has a well established policy favoring a trial on the merits over a default judgment."). Under these circumstances, the court finds that reprimand

is a sufficient sanction and accordingly vacates the entry of default. Great Lakes is warned, however, that failure to timely comply with future deadlines will result in more severe sanctions.

For the foregoing reasons, Great Lakes' motion to set aside the default (Dkt. No. 17) and its motion for leave to file an answer (Dkt. No. 15) are **GRANTED**. The Clerk is directed to detach and docket the answer (Dkt. No. 16-1).

**SO ORDERED** this   20th   day of August, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
